10-2244-ag
Reddi v. Holder

BIA
Morace, IJ
A097 533 856

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT:
    ROSEMARY S. POOLER,
    RICHARD C. WESLEY,
    GERARD E. LYNCH,
        *Circuit Judges*.

_____

MARDAI REDDI,
        *Petitioner*,

        v.                                    10-2244-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Indra Pal, Brooklyn, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michelle G. Latour,
                       Assistant Director; Nairi S.
                       Gruzenski, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Mardai Reddi, a native and citizen of Guyana, seeks review of a May 18, 2010, decision of the BIA affirming the April 14, 2008, decision of Immigration Judge ("IJ") Philip Morace denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Reddi*, No. A097 533 856 (B.I.A. May 18, 2010), *aff'g* No. A097 533 856 (Immig. Ct. N.Y. City April 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We affirm the agency's factual findings if they are supported by substantial evidence. *See Ascencio-Rodriguez v. Holder*, 595 F.3d 105, 110 (2d Cir. 2010).

Reddi does not challenge the agency's finding that her asylum claim was untimely or its denial of her CAT claim, and so she has forfeited review of those claims. *See*

*Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). The remaining claim, for withholding of removal, was rejected by the BIA for failure to provide corroborating evidence. Reddi entirely ignores the corroboration issue and focuses instead on issues the BIA did not address. Indeed, it is not clear that the brief submitted on Reddi's behalf was written with her case in mind; at one point, the brief refers to the ability of petitioner, who is from Guyana, to "relocate within Bangladesh." In any event, even if we treat the brief as challenging the BIA's holding, that challenge fails.

Although an applicant's credible testimony alone may be enough to carry her burden of proof, *see* 8 C.F.R. § 208.13(a), an IJ may nonetheless require that her testimony be corroborated if one would reasonably expect corroborating evidence to be available, *see* 8 U.S.C. § 1158(b)(1)(B)(ii). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.; see id*. § 1231(b)(3)(C) (incorporating this standard, by reference, in the rules governing withholding of removal); *Chuilu Liu v. Holder*, 575 F.3d 193, 196-98 (2d Cir. 2009).

3

The agency reasonably found that Reddi's testimony required corroborating evidence because it was lacking in specific detail.  Although Reddi testified that she was an active member of the People's Progressive Party ("PPP") in Guyana and was targeted by the opposing People's National Congress ("PNC"), she could not articulate the goals, platform, or policies of either party.  Moreover, her testimony was inconsistent with her airport interview and her written application, as she testified that the persecution she suffered took place in 2001, while she stated in her airport interview and application for relief that all of those events took place in 2000.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C).  Given these problems with the testimony, the agency reasonably concluded that corroborating evidence was required.

Moreover, the record provides substantial evidence supporting the agency's determination that the corroborating evidence was reasonably available.  The agency identified letters, statements, membership cards, or other documentation of her membership or work in the PPP, medical records or other documentation of her injuries, or letters or statements from her mother, sons, or siblings, or other supporting documentation of the alleged break-in of her

4

home, her hiding from the PNC, or the shooting of her neighbor's, as reasonably available corroborating evidence. As Reddi testified that she was an active member of the PPP, she received medical treatment after she was thrown from a car in April 2001 and informed her mother of the incident, her mother was with her at the time of the shooting, her sons (including one son now in the United States) were with her at the time of the break-in, she informed her mother and her siblings about all of these incidents, and at least one sibling lived in New York, she could have presented evidence to corroborate her claim. *See Chuilu Liu*, 575 F.3d at 196-99. The agency reasonably declined to accept Reddi's explanations for the lack of evidence, as she testified that she never asked anyone in the PPP or any member of her family to write a statement. *See* 8 U.S.C. § 1252(b)(4) (providing that "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6